| | |
|---|---|
| Case No. EDCV 17-470-VAP (KS) | Date: July 31, 2017 |
| Title *Emanuel Magee v. Orry Marciano et al* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 14, 2017, Plaintiff, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act alleging, *inter alia*, disability discrimination and deliberate indifference to his serious medical needs in connection with his pre-colonoscopy ingestion of GoLytely. (Dkt. No. 1.)

On March 21, 2017, the Court dismissed the Complaint with leave to amend because: Plaintiff failed to plead sufficient factual allegations to support a plausible inference that Defendants Siebel and Marciano were personally involved in the alleged violations of Plaintiff's rights; Plaintiff's claim for money damages against Defendants in their official capacity is barred by the Eleventh Amendment; and the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 5.) The Court ordered Plaintiff to file a First Amended Complaint within 30 days, *i.e.*, no later than April 20, 2017, and warned Plaintiff that his failure to do so could result in a recommendation of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On May 8, 2017, after more than two weeks had passed since Plaintiff's First Amended Complaint was due and none had been filed, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute. (Dkt. No. 6.) On May 22, 2017, Plaintiff filed a response ("OSC Response") in which he notified the Court that he was transferred to the California Health Care Facility ("CHCF") in Stockton on March 20, 2017, the day before the Court issued its order dismissing the Complaint with leave to amend, and he requested the

appointment of counsel.  (Dkt. No. 7.)  On May 30, 2017, the Court issued an order discharging the Order to Show Cause and denying Plaintiff's request for appointment of counsel because, *inter alia*, the Complaint was clearly, concisely, and legibly written, indicated that Plaintiff had a vocabulary that exceeded his fourth grade education, and presented relevant health records, which suggested that Plaintiff had the ability to read and assess the relevancy of complex medical records.  (Dkt. No. 8.)  The Court ordered Plaintiff to file a First Amended Complaint no later than June 29, 2017.  (*Id.*)

More than a month has now passed since Plaintiff's deadline for filing a First Amended Complaint ("FAC"), but no FAC has been filed.  Instead, on June 20, 2017, the Court received a letter from Chester W. Owen, a prisoner in the same building as Plaintiff, who stated that Plaintiff had asked for his assistance with this matter.  (Dkt. No. 11.)  According to Owens, Plaintiff "did not prepare the previous documents and . . . has no understanding of what another inmate wrote for him in the request [for counsel] that the Court denied."  (*Id.*)  Further, Plaintiff told Owens "he provided all of the medical papers that the prison gave him and he has no idea how to read the words on the medical paperwork, let alone the meaning of many of the words."  (*Id.*)  Owens states, "[Plaintiff] is in need of assistance to ensure he is properly cared for and he does not know how to get the assurance … Please continue his case and attempt to get an attorney to review the case 'pro bono.'"  (*Id.*)

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's May 30, 2017 Order.  However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before August 30, 2017**, why the Court should not recommend that this action be dismissed for failure to prosecute.  Plaintiff may discharge this Order by filing:  (1) a request for an extension of time to file a First Amended Complaint and a declaration signed under penalty of perjury, explaining why he failed to comply with the Court's May 30, 2017 order; or (2) a First Amended Complaint.  Alternatively, if Plaintiff does not wish to pursue this action, he may dismiss the Complaint without prejudice by filing a signed document entitled "Notice Of Voluntary Dismissal" pursuant to Rule 41(a)(1)(A).

Finally, Plaintiff may accompany any First Amended Complaint or request for an extension of time with a signed document entitled Request for Appointment of Counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   EDCV 17-470-VAP (KS)                                    Date: July 31, 2017

Title      *Emanuel Magee v. Orry Marciano et al*

Plaintiff is reminded that there is no constitutional right to appointed counsel in a civil case, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), but, in exceptional circumstances, the Court may request that counsel voluntarily represent a civil rights plaintiff. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989); *see also* 28 U.S.C. § 1915(e). In determining whether Plaintiff has demonstrated that exceptional circumstances exist, the Court will consider <u>both</u> the likelihood of Plaintiff's success on the merits and Plaintiff's ability to articulate his claims *pro se*. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Thus, exceptional circumstances do not exist merely because Plaintiff has a limited education and is benefitting from the assistance of another inmate or jailhouse lawyer.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | rh |